## SWANTNER v. MEEK.

### No. 7419.

Circuit Court of Appeals, Fifth Circuit.
June 3, 1935.

Jno. C. North, of Corpus Christi, Tex., for appellant.

Frank A. Liddell, of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Meek, as receiver for the City National Bank & Trust Company of Corpus Christi, recovered judgment against Myron A. Pease and G. R. Swantner as partners on a note payable to the bank for $900 principal, dated September 23, 1931, and signed Pease Insurance Agency by G. R. Swantner. Swantner alone appeals, and the sole question is whether the evidence authorizes holding him as a partner. There is no conflict in it. Pease and his father in 1929 were officers of the bank and Swantner its employee. Primarily to facilitate the insuring of property which the bank held as security for loans, the Pease Insurance Agency was started and put in charge of Swantner. The Peases gave little time to it and got nothing from it except the premiums of insurance on some property of

theirs. The business was transacted at desks at first on the main floor of the bank, then on the mezzanine floor where the bank's bookkeeping was done. There was no separate office, but considerable business was handled and profits made. Solicitors of insurance were employed and paid salaries fixed by the bank out of moneys taken in by the agency. Swantner gave part of his time to the insurance agency and the rest to the duties of his employment in the bank, and his salary was paid half by the bank and half by the agency. The profits shown by the agency were purposely absorbed by an abnormal rent charge made for the desk space. During the first two years of business before the bank failed the agency paid out in salaries $11,800 and to the bank as rentals $4,275. When money was needed to pay salaries or expenses, it was borrowed from the bank, and the note sued on was given for such a loan. Swantner got and expected nothing but his salary, and claimed no interest in any profits, but in order that he might sign insurance policies he was held out to the state insurance commissioner as a partner. He did not hold himself out as such otherwise. After the date of the note, the elder Pease having died, on October 5, 1931, an instrument was drawn up between Myron A. Pease and Swantner "that the parties hereby agree to continue business as partners in the business of local insurance agents under the firm name and style of Pease Insurance Agency for the term of one year. * * * Party of the second part shall receive a salary of $247.50 per month or such future salary as the parties may agree on from time to time. Party of the first part shall receive all profits of the business after the expenses of the agency have been deducted." The paper is unsigned and no one testified whether it was ever agreed to or acted on. On October 14th the state insurance commissioner issued a license to Pease and Swantner to conduct the agency. The bank failed on November 4th. The receiver disclaimed for the bank ownership of the agency. It was moved to the second floor of the bank building and Swantner continued to run it. He later paid $50 on the note from its funds. Both Swantner and Pease testified that the former had no interest in the profits of the agency at any time.

We do not give the unsigned writing much weight. It does not appear to be a consummated agreement. It says nothing about the note sued on or any other past liability of the agency. It is not worth while to discuss whether it really contemplates an employment by Pease of Swantner at a monthly salary of $247.50 or a partnership in which Swantner is to get $247.50 per month out of the profits. The testimony is that at all times Swantner has as between Pease, the bank, and himself been only a salaried employee, having no interest in the profits of the agency. He did not personally owe the other employees for their salary and he does not owe the note given for money to pay them. It is not necessary to decide whether the agency was really an activity of the bank, conducted for its benefit, or whether if such it would be ultra vires as the receiver asserts. In any case, its assets in the hands of Pease or Swantner are liable for its obligations, and Swantner did right in so applying $50 on this note; but we see no just ground why the bank should hold Swantner personally bound by the note. He signed it for and in the name of the Pease Insurance Agency. The bank knew his connection with it as a salaried employee, and that not he, but itself, was getting its profits. That he may have held himself out as a partner to the Insurance Commission in order to facilitate executing policies for the agency would have no effect on his liability to the bank which organized and dominated the agency and knew all the facts about it. It was because the bank was taking the profits as exorbitant desk space rental that the note had to be given. We think the personal judgment against Swantner is unauthorized and reverse it, and since a jury has been waived we direct that his name be stricken from it.

Judgment reversed, with directions.